# STILLMAN & ASSOCIATES

3015 NORTH BAY ROAD, SUITE B
MIAMI BEACH, FL 33140

TELEPHONE (888) 235-4279
FACSIMILE (888) 235-4279
e-mail pstillman@stillmanassociates.com

PHILIP H. STILLMAN
ADMITTED IN MASSACHUSETTS
AND CALIFORNIA

115 North Orange Drive
Los Angeles, California 90036

April 8, 2022

*VIA ECF*

The Honorable Allyne R. Ross
United States District Judge
United States District Court
 For the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Tenzer-Fuchs v. CME International, LLC*, Case No. 2:22-cv-00811-ARR-ST
        Letter Request to File Motion to Dismiss for Lack of Personal Jurisdiction

Dear Judge Ross:

I, along with local counsel Michael Fleming of the firm Morgan, Lewis, & Bockius LLP, represent defendant CME International, LLC. ("Defendant") in the above-referenced action.  My application to be admitted *pro hac vice* in connection with the above-referenced action will be submitted upon my receipt of my Certificate of Good Standing, which has been requested from the relevant jurisdictions.  Pursuant to Rule III.A. of Your Honor's Individual Practices and Rules, we write respectfully to request that the Court grant Defendant leave to file a Motion to Dismiss this case for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and to hold a conference to set a briefing schedule for the Motion. In support of this request, counsel for Defendant presents the following issues supporting the Motion.

In a federal question case, where the defendant resides outside the forum state, federal courts apply the forum state's personal jurisdiction rules if the applicable federal statute does not provide for national service of process. *Sunward Electronics, Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004). Here, New York's long-arm statute, New York Civil Practice Law and Rules ("CPLR") §302(a), governs plaintiff's claims. *Id.* The plaintiff bears the burden of establishing that the court has jurisdiction over the defendant. *DiStefano v. Carozzi North America, Inc.*, 286 F.3d 81, 84 (2d Cir. 2001).

Pursuant to CPLR §302(a)(1) a court may exercise personal jurisdiction over a non-domiciliary defendant where it "transacts any business within the state or contracts anywhere to supply goods or services in the state", and the cause of action asserted against it arises from the "[a]cts which are the basis of jurisdiction." *Id.*  The relevant time period for the jurisdictional analysis is the defendant's contacts with New York at the time that the lawsuit was filed.  *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione, etc.*, 937 F.2d 44, 52 (2d Cir. 1991), *citing* 4 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1051, at 160-62 (1987).

Defendant, a Delaware limited liability corporation whose principal place of business at the time Plaintiff's lawsuit was filed was in Newport Beach, California, sells preowned Rolex watches primarily through its

- 1 -

"web store," https://www.bobswatches.com, but at the time of the filing of the lawsuit, had no physical store or employees in New York.[1] CME International only maintains a "brick and mortar" physical location in Newport Beach, CA, as identified on its website. CME International has no employees in New York, no bank accounts in New York, is not licensed to do business in New York and maintains no Agent for Service of Process in New York and does not target New York residents. In short, its only contact with New York is that its website, which is located and managed in California, is accessible to citizens of New York, as well as the other 49 states, and indeed, any person in the world with access to the Internet. Although the Complaint alleges that CME International maintains a "brick and mortar location at 200 Park Avenue," that is incorrect – CME International has no "brick and mortar location" anywhere but Newport Beach, CA. Plaintiff contends that she is legally blind and went to bobswatches.com purportedly to look for a used Rolex watch but, as she has in approximately 120 lawsuits in this District, claimed that the website was not compatible with her screen reader software ("SRS"). She claims that she was unable to access information about watches to purchase and instead, sued CME International. Thus, the only contact with New York is the fact that the plaintiff, a resident of New York, accessed CME International's passive commercial site from New York.

A foreign corporation is subject to specific personal jurisdiction under New York's long-arm statute, CPLR § 302, if the corporation (1) "transacts any business" in New York, and (2) the plaintiff's cause of action is "arising from" such a transaction. See CPLR 302(a)(1). Transacting business is defined as, "purposeful activity – some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hinrichsen v. Hinrichsen Found.*, 2018 U.S. Dist. LEXIS 4585 at *9-10, (S.D.N.Y. Jan. 9, 2018) (citing *Best Van Lines Inc. v. Walker*, 490 F.3d 239, 246 (2nd Cir. 2007)). "Transacting business" requires more than operating a commercial website that can be accessed by New York residents. *Wilson v. Jord Inc.*, No. 20-cv-01899(LJV)(JJM), 2021 U.S. Dist. LEXIS 151437, at *2-5 (W.D.N.Y. Aug. 11, 2021). *See Diaz v. Kroger Co.*, 2019 U.S. Dist. LEXIS 93177 at *17 (S.D.N.Y. June 4, 2019) (no specific personal jurisdiction based on a website that did not deliver in New York state because, "the existence of an interactive patently commercial website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity occurred in New York").

The second prong of CPLR §302(a)(1) jurisdiction - namely, whether plaintiff's claims arise from the "acts which are the basis of jurisdiction" is also not met. To satisfy that prong, "there must be an articulable nexus or substantial relationship between the business transaction and the claim asserted." *Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327, 339, 984 N.E.2d 893, 960 N.Y.S.2d 695 (2012). These parameters limit "the broader 'transaction-of-business' prong to confer jurisdiction only over those claims in some way arguably connected to the transaction." *Id.* at 340.

Applying that standard, CME International contends that "[p]laintiff's allegations of wrongdoing . . . have no nexus to Defendant 'shipping its products to customers located within the state.' Plaintiff's allegations relate solely to the functionality of Defendant's website." *Wilson v. Jord Inc.*, No. 20-cv-01899(LJV)(JJM), 2021 U.S. Dist. LEXIS 151437, at *2-5 (W.D.N.Y. Aug. 11, 2021). *See Mercer v. Rampart Hotel Ventures, LLC*, 2020 U.S. Dist. LEXIS 31163 (S.D.N.Y. 2020), which addressed a similar claim brought by a handicapped New York resident, who while considering an out of state trip, visited the defendant's hotel reservation website "to assess the hotel's accessible features and determine whether she could independently reserve an accessible room at the hotel in the same manner as those seeking to reserve

---

[1] Bob's Watches briefly rented a communal office suite in early 2020, but had no employees there, did no business there, and closed that down in 2020, well before Plaintiff visited Bobswatches.com or filed her lawsuit.

non-accessible rooms," but was unable to do so because the website allegedly failed to meet ADA requirements. *Id.* at *1-2. The plaintiff purchased no product or service from the defendant's website. *Id.* at *2.

In concluding that the plaintiff failed to meet the "arising from" prong, the court explained that "the harm caused by defendant's alleged failure to maintain a proper website is not 'connected' to the defendant's transactions with other New Yorkers. Certainly, other New York residents are engaging in transactions with CME International via the exact same website about which plaintiff complains. But the defendant's transactions with other New York residents through that website did not cause *plaintiff* harm and *plaintiff's* specific claim in this case does not arise out of those transactions." *Mercer v. Rampart Hotel Ventures, LLC*, 2020 U.S. Dist. LEXIS 7313 at *5 (S.D.N.Y. 2020), *adopted*, 2020 U.S. Dist. LEXIS 31163.  *See also*, *Wilson v. Jord Inc.*, No. 20-cv-01899(LJV)(JJM), 2021 U.S. Dist. LEXIS 151437, at *2-5 (W.D.N.Y. Aug. 11, 2021)(ADA claim regarding foreign defendant's website selling watches and sunglasses accessible by New York residents was insufficient to exercise personal jurisdiction where plaintiff's claim merely arose from her use of the website and not an actual purchase).

Likewise, here there is no allegation that plaintiff purchased (or attempted to purchase) an item through defendant's website. Nor does it appear that she intends to do so in the future. See Complaint ¶37 ("But for the Website's access barriers, Plaintiff would have returned to and further utilized Defendant's Website.").  Thus, personal jurisdiction over CME International is lacking.

This Court should also note that the Complaint also fails to establish subject matter jurisdiction and state a claim, given that the website is not a "public accommodation" that is subject to the ADA as there is no "brick and mortar" store for plaintiff to access.  *See e.g., Suris v. Gannett Co.,* No. 20-cv-1793 (BMC), 2021 U.S. Dist. LEXIS 131341 (E.D.N.Y. July 14, 2021) (dismissing ADA website accessibility case pursuant to Rule 12(b)(6) because website is not a "place of public accommodation"); *Harty v. W. Point Realty, Inc.*, No. 20-2672-cv, 2022 U.S. App. LEXIS 7107 (2d Cir. Mar. 18, 2022) (dismissing ADA claim on website accessibility claim for lack of subject matter jurisdiction).  If this Court ultimately finds personal jurisdiction, CME International will move to dismiss the complaint on substantive grounds. We thank the Court in advance for its consideration of this request.

Respectfully submitted,

/s/ Philip H. Stillman

Philip H. Stillman*

*Pro hac vice* application forthcoming

/s/ Michael F. Fleming

Michael F. Fleming
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
(212) 309-6207
michael.fleming@morganlewis.com

*Attorneys for Defendant*

cc: All Counsel of Record (via ECF)