

**Phone:** (718) 971-9474 | **Fax:** (718) 865-0943 | **Email:** Jonathan@Shalomlawny.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

May 17, 2022

<u>**VIA ECF**</u>
Hon. Allyne R. Ross, USDJ
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>Re: Tenzer-Fuchs v. CME International, LLC, Case No. 2:22-cv-00811-ARR-ST</u>

Dear Judge Ross,

    This firm represents the Plaintiff in the above-referenced matter. Pursuant to Rule III.A of Your Honor's Individual Practices and Rules, I respectfully submit this letter in opposition to Defendant's letter request to file a Motion to Dismiss pursuant to Fed.R.Civ.P.12(b)(2). For the reasons that follow, this Honorable Court should deny the instant request as Defendant's arguments for dismissal are without merit.

    **I.**    **The Pre-Motion Letter to Dismiss is Premature**

    In deciding a Motion to Dismiss pursuant to Rule 12(b)(2), "a court must assume all of plaintiff's factual allegations are true, and all doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party." *Nader v. Getschaw*, 2000 U.S. Dist. LEXIS 14308, at *7 (S.D.N.Y. Sept. 29, 2000). "Although the plaintiff bears the burden of establishing that this court has jurisdiction over the defendant, at this early stage in the proceedings, where no evidentiary hearing has been held, the plaintiff need only make prima facie showing of jurisdiction." *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999). Here, the Plaintiff's assertions are sufficient to establish a prima facie showing of personal jurisdiction.

    **II.**    **The Complaint Establishes Personal Jurisdiction over the Defendant**

    Pursuant to New York's long arm statute, a court may exercise specific personal jurisdiction over a "non-domiciliary who (i) transacts any business within the state or contracts anywhere to supply goods or services in the state; and (ii) the cause of action asserted against it arises from the acts which are the basis of jurisdiction." CPLR §302(a)(1). Plaintiff's Complaint alleges: (i) Defendant is a California Corporation doing business in New York (Compl. ¶ 13); (ii) Defendant owns, manages, controls, and maintains its public website and portal, <u>www.bobswatches.com</u> along with multiple brick and mortar locations, <u>including 200 Park Avenue in New York City</u>, which allows it to sell and trade its products on both a national and international scale (Compl. ¶ 23); and (iii) Defendant's website is a commercial market place that allows all consumers to browse products, as well as buy and trade luxury watches in the United States, including in New York State (Compl. ¶ 24). Plaintiff's allegations are bolstered by the nature of Defendant's website, which offers features of a physical market place (Compl. ¶ 13, 24). As such, Defendant's website permits a high level of interactivity between Defendant and New York residents and is not "passive" as Defendant

1



**Phone:** (718) 971-9474 | **Fax:** (718) 865-0943 | **Email:** Jonathan@Shalomlawny.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

incorrectly contends. Interactive websites permit the exchange of information between Defendants and website viewers. *See e.g. Citigroup, Inc. v. City Holding Co.*, 97 F.Supp.2d 549, 564 (S.D.N.Y. 2000). "[I]f a website is interactive and allows a buyer in New York to submit an order online, courts typically find that the website operator is 'transacting business' in New York and is therefore subject to the court's jurisdiction." *See*, *Carson Optical, Inc.*, 2020 U.S. Dist. LEXIS 55223 (E.D.N.Y. 2020). Further, "[w]here [a subject website] . . . purposefully directs activity into a forum state by making sales of goods or services to New York residents--those activities can be sufficient to trigger jurisdiction under section 302(a)(1)." *Royalty Network, Inc. v. Dishant.com, LLC*, 638 F. Supp. 2d 410, 418-19 (S.D.N.Y. 2009). Indeed Defendant admits New York residents are engaging in transactions with CME International via its website, which Defendant refers to as a "web store." *Def. Letter, p. 2*. Thus, the first prong under New York's long-arm statute is satisfied.

With respect to the second prong, Plaintiff's Complaint alleges that she is legally blind; visited Defendant's website with an intent to browse and purchase a pre-owned stainless steel Rolex Daytona watch; and was essentially barred from being able to make her desired purchase due to various access barriers on the website which prohibited her NVDA screen-reading software to read images (Compl. ¶ 23-34). While Defendant argues that plaintiff failed to purchase (or attempt to purchase) an item through Defendant's website, <u>this very issue rests at the heart of Plaintiff's claim.</u> Plaintiff has alleged that she was *unable* to access Defendant's website and purchase a desired watch due to the access barriers on Defendant's website. Defendant's failure to make its website accessible to visually impaired individuals prevented Plaintiff from fully accessing the website and making a purchase. Thus, Plaintiff's injury arises directly from Defendant's use of transacting business by way of its website. *See, e.g., Access Now, Inc. v. Portswear, Inc.*, 298 F. Supp. 3d 296, 301 (D. Mass. 2018) (finding that, where (i) the plaintiff alleged that the defendant's website limited accessibility to consumers who suffer from visual impairments, and (ii) the plaintiff alleged that he attempted to access the website with the use of his screen reader from the subject forum, "[b]ecause [the plaintiff's] denial of access to [the defendant's] website occurred in the forum, the injury arises from [the defendant's] transaction of business through its website in [the forum]").

The instant case is distinguishable from *Mercer v. Rampart Hotel Venture*s, LLC, 2020 U.S. Dist. LEXIS 31163 (S.D.N.Y. 2020). There the Court found that the "complaint does not plead any facts about— or even refer to—transactions between non-disabled New Yorkers and Rampart." *Id.,* at *6. For this reason, "Mercer's claim cannot viably be said to "arise from" such third-party transactions." *Id*. Here, Plaintiff has alleged <u>throughout her Complaint</u> that a visually impaired individual has a markedly different experience than a sighted individual (Compl. ¶ 20, 27-39). Indeed, the Complaint explicitly alleges various access barriers denied Plaintiff the ability to use and enjoy Defendant's website the same way sighted individuals do. This discriminatory conduct, transacting with sighted individuals but not with visually impaired individuals, forms a portion of Plaintiff's claims against Defendant (Compl. ¶ 60). *See Guglielmo v. JEGS Auto., Inc.*, 2021 WL 1026168, at *5 (S.D.N.Y. Mar. 17, 2021) (finding that a plaintiff could be harmed by a defendant transacting business only with sighted customers). Accordingly, there is a direct nexus between Defendant's operation of its website directed towards sighted New York residents and the instant action.



Phone: (718) 971-9474| Fax: (718) 865-0943| Email: Jonathan@Shalomlawny.com
Office: 105-13 Metropolitan Avenue Forest Hills, New York 11375

### III. Defendant's Website is a Public Accommodation Subject to the ADA

Defendant refers to its business as a "web store" yet asserts it is not a place of public accommodation as there is no "brick and mortar" store for plaintiff to access. *Def. Letter, p. 2*. Courts have continuously rejected Defendant's argument that a website without a "brick and mortar" store is not a "public accommodation" subject to the ADA. *See Thorne v. Formula 1 Motorsports, Inc.*, 2019 WL 6916098 (S.D.N.Y. Dec. 19, 2019), citing the Second Circuit's finding that the ADA "was meant to guarantee [disabled individuals] more than mere physical access." *Id.*, at *2, citing *Pallozzi v. Allstate Life Insurance Co.*, 198 F.3d 28, 32 (2d Cir. 1999). Similarly, several district court judges within the circuit have held that stand-alone websites qualify as public accommodations within the meaning of the ADA. *See, e.g., Nat'l Fed'n of the Blind v. Scribd Inc.*, 97 F.Supp.3d 565, (D. Vt. 2015) (Title III of the ADA covers the website of a company without any physical locations); *Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381 (E.D.N.Y. 2017) ("It is unambiguous that under Title III of the ADA, dickblick.com is a place of public accommodation."); *Del-Orden v. Bonobos, Inc.*, 2017 U.S. Dist. LEXIS 209251, 2017 WL 6547902, at *5 (S.D.N.Y. Dec. 20, 2017) (noting that "the four district courts in this Circuit to address the issue have each held, drawing on [Pallozzi], that Title III extends to online for a offering goods and services."); *Dominguez v. N.Y. Equestrian Ctr., Ltd.*, 2020 U.S. Dist. LEXIS 179258, at *5 (S.D.N.Y. Sep. 28, 2020) (finding "[the defendant's] website is a place of accommodation" subject to the ADA); *Romero v. 88 Acres Foods, Inc.*, 2022 U.S. Dist LEXIS 9040, at *16 (S.D.N.Y. Jan. 18, 2022) (the Court concludes that the term "public accommodation" in Title III of the ADA encompasses private commercial websites that affect commerce with or without a nexus to a physical place" *Romero*, at *19-20). Accordingly, Defendant's website is undoubtedly a place of public accommodation subject to the requirements of the ADA.

### IV. Conclusion

Based upon the reasoning above, Plaintiff respectfully requests that this Court issue an Order denying Defendant's pre-motion letter request to file a Motion to Dismiss, or permit Plaintiff to amend the Complaint to correct any deficiencies, or engage in limited jurisdictional discovery.

Respectfully Submitted,

By: */s/Jonathan Shalom*
Jonathan Shalom, Esq.

SHALOM LAW, PLLC
*Attorneys for Plaintiff*
105-13 Metropolitan Avenue
Forest Hills, New York 11375-6737
(718) 971-9474

cc: All Counsel of Record (via ECF)